UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS IRWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2926-B |
| | § | |
| OFFICER J. SANTIAGO, in his | § | |
| individual capacity, OFFICER R. | § | |
| ROBERTS, in his individual capacity, | § | |
| OFFICER B.J. IVY, in his individual | § | |
| capacity, and CITY OF GARLAND, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants J. Santiago, R. Roberts, and B.J. Ivy's Motion to Dismiss
(Doc. 6). In this motion, Defendants assert that all of Plaintiff Thomas Irwin's claims against
Defendants are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. 6, Defs.' Mot., 2. Because
the Court concludes that *Heck* does not necessarily bar Irwin's claims, the Court **DENIES**
Defendants' motion (Doc. 6).

## I.

## BACKGROUND[1]

This case arises from an encounter between Irwin and the City of Garland Police
Department. On June 8, 2018, Irwin was driving home with his girlfriend's two minor sons in the

---

[1] The Court derives its factual account from the pleadings, exhibits to Irwin's complaint, and Dallas
County state court records. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly
proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citation omitted).

backseat. Doc. 1, Pl.'s Compl., ¶¶ 29–30. As Irwin was driving, he alleges, he looked back at the children. *Id.* ¶ 31. When he turned to face the road again, "he noticed that the cars ahead of him had stopped at a red light and that he was approaching too quickly to stop." *Id.* ¶ 32. So Irwin swerved to the right, driving up onto a curb and into the chain-link fence of a cemetery. *Id.* ¶ 33–34. Thereafter, Irwin backed his vehicle into the roadway to continue driving home. *Id.* ¶ 36.

As Irwin was driving, Defendants Roberts and Santiago, on-duty City of Garland police officers, approached Irwin's car. *Id.* ¶ 39. One of the officers instructed Irwin to "stop the car" and placed his palm out in front of him. Doc. 1, Ex. A (DVD Footage). The officers continued walking toward Irwin's car with their firearms pointed at Irwin's vehicle. *Id.* As Irwin kept driving past the officers, the officers were standing on the driver's side of Irwin's vehicle. *Id.* When Irwin's car began passing the officers, the officers discharged their firearms at the driver's side of Irwin's vehicle multiple times. *Id.* Irwin alleges that investigators recovered seven fired cartridge casings from the scene. Doc. 1, Pl.'s Compl., ¶ 54. Moreover, Irwin states that the officers shot him twice—once in his arm and once in his leg. *Id.* ¶ 77.

After this shooting, Irwin alleges, Defendants Santiago and Roberts, along with Defendant Ivy, another officer who was not present at the scene, "fabricated a story, which they believed would protect Defendants Santiago and Roberts from liability for their unwarranted and unjustified shooting." *Id.* ¶ 81. Specifically, Irwin suggests that Defendant Ivy authored an arrest-warrant affidavit "requesting an arrest warrant be issued for [Irwin] in connection with this incident." *Id.* ¶ 82. In this affidavit, Irwin states, Defendant Ivy included several false statements, such as that Irwin "accelerated towards Officer Santiago causing Officer Santiago to fear for his life." *Id.* ¶¶ 83, 86 (quoting Doc. 1-3, Aff. for Arrest, 1). Irwin further alleges that Defendants agreed to this

fabrication of evidence to aid in a prosecution of Irwin on assault charges. *Id.* ¶ 90. Thereafter, Irwin states, the "Dallas County District Attorney's office used the fabricated statements as evidence to influence a Grand Jury to indict [Irwin] on a felony charge for Aggravated Assault Against a Public Servant," which was later dismissed. *Id.* ¶¶ 94–95; *see* Order of Dismissal, at 1, *State v. Irwin*, No. F1824709. The affidavit Irwin attached to his complaint lists the "offense" for the arrest-warrant affidavit as "Driving While Intoxicated - Third." Doc. 1-3, Aff. for Arrest, 1. Thus, Defendants contend that the affidavit seeks a warrant for a driving while intoxicated (DWI) charge, not the aggravated assault charge. Doc. 13, Defs.' Reply, 2.

As a result of the June 8 incident, Irwin ultimately pled guilty to: one charge of DWI, one charge of evading arrest, and two charges of abandoning or endangering a child. *See* Judicial Confession, at 1, *State v. Irwin*, No. F1824714; Judicial Confession, at 1, *State v. Irwin*, No. F1824712; Judicial Confession, at 1, *State v. Irwin*, No. F1824710; Judicial Confession, at 1, *State v. Irwin*, No. F1824711.

Now, Irwin brings this civil action, asserting the following 42 U.S.C. § 1983 claims: (1) excessive force against Defendant Santiago; (2) excessive force against Defendant Roberts; (3) malicious prosecution, premised upon Irwin's prosecution for assault, against Defendants Santiago, Roberts, and Ivy; (4) denial of the right to a fair trial, arising from the alleged fabrication of the arrest-warrant affidavit, against Defendants Santiago, Roberts, and Ivy; (5) conspiracy to deprive Irwin of his constitutional rights, also based upon the alleged fabrication, against Defendants Santiago, Roberts, and Ivy; and (6) failure to train against Defendant City of Garland. *See* Doc. 1, Pl.'s Compl., ¶¶ 102–84.

On January 8, 2020, Defendants Santiago, Roberts, and Ivy moved to dismiss claims (1)

through (5) based on the application of the *Heck* doctrine. *See* Doc. 6, Defs.' Mot., 1.[2] Irwin responded on January 29, 2020, and Defendants filed a reply on February 7, 2020. *See* Doc. 11, Pl.'s Resp.; Doc. 13, Defs.' Reply. Accordingly, this motion is now ripe for review.

## II.

## LEGAL STANDARD

A.   *Federal Rule of Civil Procedure 12(b)(6)*

In analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

---

[2] In their conclusion, Defendants urge the Court to dismiss all of Irwin's claims "against them[.]" *Id.* at 7. The Court thus assumes that Defendants do not intend to address the final claim against City of Garland.

*B.*     *The* Heck *Doctrine*

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff convicted of a crime:

> cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'

*Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (citing, *inter alia*, *Heck*, 512 U.S. at 486–87).

"*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted). Further, even if a plaintiff's claim is theoretically compatible with his underlying conviction, the claim will still be "*Heck*-barred . . . if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Dodds v. City of Yorktown*, 656 F. App'x 40, 43 (5th Cir. 2016) (per curiam) (citation and quotation marks omitted).

### III.

### ANALYSIS

Below, the Court analyzes Irwin's claims in light of the *Heck* doctrine. First, the Court turns to Irwin's claims of excessive force against Defendants Santiago and Roberts. Thereafter, the Court analyzes Irwin's claims against all three Defendants premised upon the alleged fabrication of the arrest-warrant affidavit—namely, his claims of: malicious prosecution, denial of the right to a fair trial, and conspiracy to deprive Irwin of his constitutional rights. Because the Court lacks sufficient

information to determine whether Irwin's claims are *Heck*-barred, the Court **DENIES** Defendants'

motion to dismiss.

A.     *Excessive Force Claims Against Defendants Santiago and Roberts*

    1.     <u>Whether success on Irwin's excessive-force claims would imply the invalidity of his convictions</u>

First, the Court considers whether Irwin's success on his excessive-force claims would

"necessarily imply the invalidity of his conviction[s] or sentence[s.]" *See Jackson*, 49 F.3d at 177

(citation and quotation marks omitted). Defendants contend that *Heck* bars Irwin's excessive-force

claims because, in pleading guilty to his DWI charge, Irwin also pled guilty to operating his motor

vehicle as a deadly weapon. Doc. 6, Defs.' Mot., 3. Since the deadly weapon enhancement required

evidence that Irwin's manner of driving "was capable of caus[ing] death or serious bodily injury,"

Defendants argue, Irwin is precluded from "assert[ing] that no reasonable officer could have

perceived that his manner of driving was capable of causing death or serious bodily injury . . . ." *Id.*

at 3, 6 (quotation marks and citation omitted).

In response, Irwin asserts first that the deadly weapon finding did not affect his sentence and

thus is not subject to the *Heck* doctrine. Doc. 11, Pl.'s Resp., 14. But even if the deadly weapon

enhancement is part of Irwin's sentence, he contends, "the basis for the enhancement was [his]

driving prior to the collision and this can coexist with Defendants using unreasonable force." *Id.* at

16 (citing *Ballard*, 444 F.3d at 401).

Defendants, however, respond that Irwin's complaint fails to allege that "he used the vehicle

as a deadly weapon prior to encountering Officer Santiago." Doc. 13, Defs.' Reply, 4. Further,

Defendants suggest that Irwin's deadly-weapon enhancement "necessarily considers his conduct

throughout the entirety of his intoxicated and misguided journey." *Id.* at 7.

"Although the *Heck* principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive . . . ." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (citation omitted). This determination requires the Court "to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Id.* (citation omitted).

For instance, in *Sappington v. Bartee*, the Fifth Circuit held that the plaintiff's conviction "necessarily implie[d]" that the defendant–officer did not use excessive force. 195 F.3d 234, 237 (5th Cir. 1999) (per curiam). In *Sappington*, the plaintiff was convicted of aggravated assault of the defendant–officer, and this conviction required proof that the plaintiff "caused 'serious bodily injury'" to the defendant–officer. *Id.* (citing TEX. PENAL CODE § 22.02(a)(1)). When analyzing the plaintiff's subsequent excessive-force claim against the defendant–officer in light of *Heck*, the Fifth Circuit pointed out that "[u]nder Texas law, any person can use force up to and including deadly force 'to protect himself against the other's use or attempted use of unlawful deadly force.'" *Id.* (quoting TEX. PENAL CODE § 9.32(3)(A)[3]). Moreover, the court explained that Texas law defines deadly force as "force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury." *Id.* (quoting TEX. PENAL CODE § 9.01(3)). Additionally, the court noted that Texas law states: "a peace officer is justified in using deadly force in the course of an arrest if he reasonably believes that there is a substantial risk that the person to

---

[3] This is now codified as Texas Penal Code § 9.32(a)(2)(A).

be arrested will cause death or serious bodily injury to the officer or another if the arrest is delayed." *Id.* (citing TEX. PENAL CODE § 9.51(c)(2)).

Given that the plaintiff's conviction in *Sappington* "required proof that he caused serious bodily injury to [the defendant-officer]," the court reasoned, the defendant-officer "was justified in using force up to and including deadly force" under Texas law. *Id.* Thus, the Fifth Circuit held that the defendant-officer's force could not, "under *Heck*, be deemed excessive." *Id.*

In contrast, based on the facts presented here, this Court concludes that Irwin's deadly weapon enhancement does not "necessarily impl[y]" that Defendants Santiago and Roberts did not use excessive force. *See id.*

As a preliminary matter, the Court rejects Irwin's first argument that the deadly weapon enhancement is not part of his conviction or sentence. As Irwin himself admits, the enhancement will affect his sentence if he violates his conditions of probation. *See* Doc. 11, Pl.'s Resp., 14. Further, Irwin's judicial confession expressly acknowledges that Irwin used or exhibited a deadly weapon. *See* Judicial Confession, at 1, *State v. Irwin*, No. F1824714. Accordingly, the Court considers the deadly weapon enhancement to be part of Irwin's sentence and thus subject to the *Heck* inquiry.

Nonetheless, the Court does not believe, based on the pleadings, that Irwin's excessive-force claims are *Heck*-barred due to the deadly weapon enhancement. The issue here is whether success on Irwin's claims of excessive force requires proof that contradicts Irwin's confession to using his vehicle as a deadly weapon. *See Bush*, 513 F.3d at 497.

If the deadly weapon enhancement is premised, even in part, upon Irwin's driving while the officers were shooting, then *Heck* will bar Irwin's excessive-force claims: under Texas law, if Irwin used a deadly weapon—and thus deadly force—when he drove away from the officers, the officers

were justified in using deadly force. *See Sappington*, 195 F.3d at 237 (quoting TEX. PENAL CODE § 9.32(3)(A)). On the other hand, if the basis for Irwin's deadly weapon enhancement is his driving *prior* to encountering the officers—such as his crash into the fence—*Heck* does not bar his excessive-force claims. In the former case, Defendants Santiago and Roberts are confronted with Irwin driving in a manner capable of causing death or serious bodily injury, which constitutes deadly force; in the latter case, they are not.

Under Texas law, "to sustain a deadly-weapon finding, the evidence must demonstrate that: 1) the object meets the definition of a deadly weapon; 2) the deadly weapon was used or exhibited during the transaction on which the felony conviction was based; and 3) other people were put in actual danger." *Brister v. State*, 449 S.W.3d 490, 494 (Tex. Crim. App. 2014) (citation omitted).

Here, Irwin's enhancement might be based on endangering the children in the backseat of his car; endangering the officers; or both. Further, it might be based on his driving leading up to the crash into the fence; after this crash; or both. While Defendants suggest that "the enhancement necessarily considers [Irwin's] conduct throughout the entirety of his intoxicated and misguided journey," Doc. 13, Defs.' Reply, 7, Defendants do not provide legal support for this assertion.[4] Absent evidence indicating the basis for Irwin's deadly weapon enhancement, the Court is unwilling to conclude that Irwin's excessive-force claims will necessarily invalidate the deadly weapon enhancement.

---

[4] Defendants cite Texas law for support that "the evidence reviewed or examined to meet the 'deadly weapon enhancement' can exist throughout the entirety of the course of the offense . . . ." Doc. 13, Defs.' Reply, 5 (citing *Couthren v. State*, 571 S.W.3d 786 (Tex. Crim. App. 2019)). But this does not explain the basis for the deadly weapon enhancement in Irwin's case.

<u>2.</u>     <u>Whether Irwin's factual allegations are necessarily inconsistent with his convictions</u>

Next, the Court examines whether "specific factual allegations in [Irwin's] complaint are necessarily inconsistent with the validity of [his] conviction[s]." *See Dodds*, 656 F. App'x at 43 (citation and quotation marks omitted). Defendants suggest that Irwin's excessive-force claims are barred under *Heck* because Irwin's allegations are inconsistent with his convictions. Doc. 6, Defs.' Mot., 4. To support this argument, Defendants cite to numerous paragraphs of Irwin's complaint, though they do not explain how each allegation is factually inconsistent with Irwin's convictions. *See id.* at 4–5. Rather, Defendants assert that Irwin's complaint "necessarily implies that he was never intoxicated or operating his SUV in a manner which would constitute the use of a deadly weapon." Doc. 13, Defs.' Reply, 5 (emphasis omitted).

Even if a plaintiff's claim is theoretically compatible with his underlying conviction, the claim will still be "*Heck*-barred . . . if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Dodds*, 656 F. App'x at 43 (citation and quotation marks omitted).

For example, in *DeLeon v. City of Corpus Christi*, the Fifth Circuit held that a plaintiff's excessive-force claim was *Heck*-barred where his complaint contravened his aggravated assault conviction. *See* 488 F.3d 649, 657 (5th Cir. 2007). Based on the plaintiff's allegations, the court explained that "the complaint maintain[ed] that [the plaintiff] did nothing wrong" and "that he simply defended himself . . . ." *Id.* at 656. Specifically, in the complaint, the plaintiff alleged that he "committed no crime," *id.* at 657, yet the plaintiff pled guilty to aggravated assault of a police officer based on the encounter at issue. *See id.* at 651. Under these circumstances, the Fifth Circuit concluded that the plaintiff's complaint demonstrated his belief that he was innocent and thus

"contradict[ed] his confession" for the aggravated assault. *Id.* at 657; *see also Arnold v. Town of Slaughter*, 100 F. App'x 321, 322, 324 (5th Cir. 2004) (per curiam) (holding that the plaintiff's claims were *Heck*-barred where the plaintiff "claim[ed] he did nothing wrong" after he was convicted of resisting an officer "by being hostile and threatening and by initiating confrontation"); *Ducksworth v. Rook*, 647 F. App'x 383, 386 (5th Cir. 2016) (per curiam) (concluding the plaintiff's allegations "directly challeng[ed] the validity of his subsequent convictions," including assault on a police officer, where the complaint "present[ed] a single narrative of an unprovoked police attack") (citations omitted).

Here, the Court concludes that Irwin's allegations are not "necessarily inconsistent" with his convictions. *See Dodds*, 656 F. App'x at 43. While the Court acknowledges that Irwin fails to include every fact relevant to the incident in question in his complaint, Irwin's allegations do not, in the Court's view, suggest that he maintains his innocence. *See DeLeon*, 488 F.3d at 657.

In fact, Irwin admits that he drove onto a curb and into a chain-link fence. Doc. 1, Pl.'s Compl., ¶ 34. Moreover, Irwin states how he, upon officers approaching, drove the vehicle past the officers, rather than stopping. *See id.* ¶¶ 39–49. Though Irwin paints a self-serving picture of the incident, he does not ever affirmatively suggest that he did not drive intoxicated, use his vehicle in a manner capable of causing death or serious bodily injury, endanger children, or evade arrest.

Rather, Irwin contests the force used in attempting to detain him. *See id.* ¶ 96. And "[i]t is possible for [Defendants Santiago and Roberts] to have attempted to lawfully detain [Irwin] as he fled, but for [Defendants Santiago and Roberts] to have used force grossly disproportionate to the need during that attempted lawful detention." *Bazan v. Whitfield*, 2017 WL 568863, at *4 (N.D. Tex. Jan. 13, 2017), *adopted at* 2017 WL 564673 (N.D. Tex. Feb. 10, 2017). Accordingly, Irwin's

allegations do not contradict his convictions. *See DeLeon*, 488 F.3d at 657.

Further, the Court distinguishes the cases to which Defendants analogize: *Daigre v. City of Waveland*, 549 F. App'x 283 (5th Cir. 2013) (per curiam) and *Dodds v. City of Yorktown*, 656 F. App'x 40 (5th Cir. 2016) (per curiam). *See* Doc. 13, Defs.' Reply, 5–6.

In the first case, *Daigre*, the Fifth Circuit concluded that *Heck* barred the plaintiff's excessive-force claim because the plaintiff's allegations demonstrated her belief of innocence. *See Daigre*, 549 F. App'x at 286–87. Specifically, though the plaintiff and the defendant–officers had a physical altercation resulting in her conviction for resisting arrest, the plaintiff's complaint against the defendant–officers alleged that the plaintiff did not, at any time, "physically resist or assault the [officers] in any way . . . ." *Id.* at 286 (quotation marks omitted). Further, the complaint even stated that the plaintiff "committed no criminal offenses." *Id.* (quotation marks omitted). Based on these statements among others, the Fifth Circuit concluded that "[t]he total effect of these statements is clear: [the plaintiff's] excessive-force claim is barred because she 'still thinks she is innocent.'" *Id.* at 287 (alterations incorporated) (quoting *DeLeon*, 488 F.3d at 657).

Similarly, in *Dodds*, the Fifth Circuit affirmed the district court's holding that *Heck* barred the plaintiff's excessive-force claim where the plaintiff's allegations were inconsistent with his retaliation conviction. 656 F. App'x at 44. Specifically, although the plaintiff claimed that "he never made any verbal or physical threats toward anyone," his retaliation conviction "show[ed] that he intentionally or knowingly harmed or threatened to harm another person . . . ." *Id.* at 43.

Here, unlike the complaints in *Daigre* and *Dodds*, Irwin's complaint does not claim innocence or contradict his convictions. Specifically, Irwin does not allege any facts to indicate that he did not: operate a motor vehicle while intoxicated; use that motor vehicle as a deadly weapon; place children

under fifteen years of age in imminent danger; or intentionally flee from an officer while the officer was lawfully attempting to arrest him. *See* Judicial Confession, at 1, *State v. Irwin*, No. F1824714; Judicial Confession, at 1, *State v. Irwin*, No. F1824712; Judicial Confession, at 1, *State v. Irwin*, No. F1824710; Judicial Confession, at 1, *State v. Irwin*, No. F1824711. Accordingly, the Court holds that Irwin's allegations are not necessarily inconsistent with his convictions and **DENIES** Defendants' motion to dismiss Irwin's excessive-force claims.

B.     *Malicious Prosecution, Fair Trial, and Conspiracy Claims Against All Three Defendants*[5]

The Court must now analyze whether Irwin's remaining claims against Defendants—those based upon his allegation of the fabricated arrest-warrant affidavit—are barred by *Heck*. With respect to these claims, Irwin asserts that success on the claims would not imply the invalidity of his three convictions.   Doc. 11, Pl.'s Resp., 28–29. However, Defendants point out that "the underlying offense for which the warrant was sought was . . . driving while intoxicated." Doc. 6, Defs.' Mot., 6.[6] Given that Irwin confessed to the DWI charge, Defendants contend that "the *Heck* doctrine clearly requires dismissal of any and all claims against Officer Ivy." *Id.*

The Court presumes that this argument applies equally to Defendants Santiago and Roberts, given that they are also named in these claims. Doc. 1, Pl.'s Compl., ¶¶ 125–54. In their reply, Defendants distinguish Defendant Ivy by clarifying that Defendant Ivy's only involvement in the

---

[5] The Court considers these claims together, given that they all arise from Irwin's allegation that Defendants collaborated to falsify an arrest-warrant affidavit, resulting in an assault-on-public-servant charge against Irwin, which was later dismissed. *See* Doc. 1, Pl.'s Compl., ¶¶ 82–95, 126–28, 133–36, 147–48. Further, Defendants do not distinguish between the three claims in their motion. *See generally* Doc. 6, Defs.' Mot.

[6] For purpose of this motion, the Court accepts Defendants' contention as true, given that Irwin himself attached the affidavit, and the "offense" on the affidavit is DWI. *See* Doc. 1-3, Aff. for Arrest, 1.

allegations relates to the arrest-warrant affidavit. *See* Doc. 13, Defs.' Reply, 2. But for purposes of analyzing Irwin's claims arising from the affidavit in light of *Heck*, the Court finds no basis for distinguishing Defendant Ivy from Defendants Santiago and Roberts. Accordingly, the Court examines Defendants' arguments as to why Irwin's malicious prosecution, fair trial, and conspiracy claims are *Heck*-barred under the assumption that these arguments apply to all three officers.

According to Defendants, Heck "clearly prohibits [Irwin from] pursuing a claim against [Defendants] for the execution of an arrest warrant for a charge to which [Irwin] pled guilty." Doc. 13, Defs.' Reply, 2.[7] Here, the issue is whether, by pleading guilty to his DWI charge, Irwin forfeited his right to challenge the contents of the arrest warrant underlying his arrest for the DWI.

First, the Court examines "whether a judgment in favor of [Irwin] would necessarily imply the invalidity of his [DWI] conviction . . . ." *Jackson*, 49 F.3d at 177.

If Irwin's DWI conviction is based upon "evidence resulting from [his] arrest [pursuant to the arrest warrant at issue] or the filing of the [affidavit at issue]," Irwin's claims premised upon the fabrication of the affidavit would be barred by *Heck*. *See Bishop v. Garretson*, 2000 WL 992279, *1 (5th Cir. June 26, 2000) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1994)). But here, "[t]here is an absence of evidence" that Irwin's conviction was based upon evidence resulting from the arrest-warrant affidavit. *See id.*

---

[7] To support this proposition, Defendants rely upon *Jones v. Hunt County*, 2017 WL 4868181, at *4 (N.D. Tex. Oct. 27, 2017). But this case does not support the proposition that a plaintiff's claim based on the execution of a warrant is barred where the plaintiff pleads guilty to the charge in the warrant. In *Jones*, the plaintiff conceded, and the district court agreed, that his false-arrest claim was barred by *Heck*. *Id.* The court reasoned that "a favorable judgment on [the false-arrest] claim would necessarily imply the invalidity of his conviction for resisting arrest . . . ." *Id.* The court did not, however, suggest that by pleading guilty to resisting arrest, the plaintiff was categorically barred from challenging the arrest warrants on other grounds. Thus, Defendants' reliance on *Jones* appears misplaced.

Irwin confessed that he committed the DWI offense "exactly as alleged in the indictment . . . ." Judicial Confession, at 1, *State v. Irwin*, No. F1824714. Attached to the indictment for Irwin's DWI charge is the affidavit at issue, though the affidavit refers to the offense of evading arrest, not DWI. *See* Indictment, *State v. Irwin*, No. F1824714. But the indictment does not refer to the affidavit, and the affidavit contains separate page numbering. *See id.*

Accordingly, absent additional evidence or explanation, this Court cannot ascertain whether the allegedly fabricated affidavit serves as the basis for Irwin's DWI conviction. *See Bishop*, 2000 WL 992279, at *1; *cf. Williams v. Weeks*, 2019 WL 4262052, at *6 (N.D. Tex. Apr. 16, 2019), *adopted by* 2019 WL 4261831 (N.D. Tex. Sept. 9, 2019) ("[The plaintiff] acknowledged . . . that the evidence [derived from the blood draw he challenged on Fourth Amendment grounds] was the basis for the 'Driving While Intoxicated 3rd or More' indictment against him to which he later pleaded guilty."). Thus, the Court concludes that dismissal of Irwin's three claims, "without further factual development," would be "premature." *See Brown v. Subbuth*, 2002 WL 31956168, at *1 (5th Cir. Dec. 30, 2002) (per curiam).

In sum, Irwin's claims premised on the allegedly fabricated arrest-warrant affidavit do not necessarily challenge the validity of his convictions. Further, as discussed above, see *supra* section III.A.2, Irwin's factual allegations are not necessarily inconsistent with his convictions. Thus, the Court **DENIES** Defendants' motion to dismiss Irwin's malicious prosecution, fair trial, and conspiracy claims.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss Irwin's claims (Doc. 6) as *Heck*-barred. Nevertheless, the Court advises the parties that it does not intend to "completely close the door to the possibility" that Irwin's claims are prohibited by *Heck*. *See Bazan v. Whitfield*, 2017 WL 564673, at *1 (N.D. Tex. Feb. 10, 2017). Rather, the Court concludes that, based on the facts "*as presently developed*," *Heck* does not bar Irwin's claims. *See id.* (citation and quotation marks omitted) (emphasis in original).

**SO ORDERED.**

**SIGNED: March 9, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE